The contention in this application is that relator is entitled to credit on his time in the two cases from Harris County from the time of the revocation of the parole in 1943 until he returned to the penitentiary on May 17, 1945. It is shown that he has not been allowed credit for such period.

It is our conclusion that he was, during that period of time, serving under the two sentences from Harris County and that he should be so credited. It appears that when he is credited with this time he will have served in excess of the total of eighteen years, from the date he began serving in the two cases from Harris County, and that he should be discharged.

It is now the order of this court that the Warden of the State Penitentiary release him from further confinement in so far as he is being held under the following judgments and sentences against him: Cause No. 44096, of date October 21, 1937, and No. 44092, of date November 9, 1937, Harris County, Texas; and Cause Nos. 8807–B, 8808–B, 8809–B and 381–B, each dated May 15, 1945, in the District Court of Dallas County, Texas. This order shall have no effect as to any other convictions for which he may be held in confinement.

punishment was assessed at 5 years confinement in the penitentiary.

Accompanying the record is an affidavit in proper form executed by appellant requesting the dismissal of the appeal.

Appellant's request is granted, and the appeal is dismissed.

Opinion approved by the court.

## ANDRES v. STATE.
### No. 25828.

Court of Criminal Appeals of Texas.
April 23, 1952.

### Overton Dexter HOUCHINS v. STATE.
### No. 25787.

Court of Criminal Appeals of Texas.
April 30, 1952.

No attorney on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

Upon a plea of guilty, appellant was convicted of the offense of burglary. His

No attorney on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

Aggravated assault with a motor vehicle is the offense; the punishment, three months in jail.

Neither a statement of facts nor bills of exception appear in the record. Nothing is presented for review.

The judgment is affirmed.

Opinion approved by the Court.